IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**RICHARD THOMAS O'DELL,**  }
　　　　　　　　　　　　　　}
　　**Petitioner,**　　　　　　}
　　　　　　　　　　　　　　}
**v.**　　　　　　　　　　　　} 　　Case No. 5:11-cv-8003-RDP-RRA
　　　　　　　　　　　　　　} 　　Case No. 5:09-cr-0208-RDP-RRA
**THE UNITED STATES OF AMERICA,** }
　　　　　　　　　　　　　　}
　　**Respondent.**　　　　　　}

### ORDER

On January 25, 2012, the magistrate judge filed his report and recommendation in the above-styled cause (Doc. #21), recommending that this court deny Movant's 28 U.S.C. § 2255 Motion to Vacate.[1] On February 8, 2012, Petitioner objected to the report and recommendation. (Doc. #22). On February 9, 2012, Respondent filed a response to the report and recommendation. (Doc. #23).[2]

---

[1] In his report and recommendation, the magistrate judge outlined Petitioner's arguments in support of his motion to vacate as follows:

> In support of his motion to vacate, O'Dell claims that:
>
> 1) serious questions of fact require further investigation because:
>
> > a) there is no evidence that O'Dell possessed the pain patch with intent to distribute or dispense it; and
> >
> > b) there is no evidentiary conclusion that the Fentanyl patch was the cause of death;
>
> 2) his level III criminal history overrepresents the severity of his prior crimes; and
>
> 3) he received ineffective assistance of counsel because counsel:
>
> > a) failed to investigate whether or not there was a valid defense present;
> >
> > b) failed to "properly communicate the possible sentence related to the charges"; and
> >
> > c) improperly withdrew two motions to suppress statements and evidence obtained in violation of the movant's constitutional rights without pursuing a full hearing on the motions.

(Doc. #21, p. 1-2).

[2] The government did not object to and, in fact, agreed with the findings set out in the report and recommendation. The government did advise the court that it no longer invoked Petitioner's waiver of his right to collaterally attack his conviction and sentence based upon claims of ineffective assistance of counsel. After the

After a telephone conference on May 30, 2012, the court directed the parties to submit supplemental briefing on whether the court should conduct a hearing on Petitioner's Claim 3(a). On June 14, 2012, Petitioner filed a Motion for Hearing and Supplemental Brief. (Doc. #25). The motion has been fully briefed (Docs. #25, 26, 27, 28).

Having now carefully reviewed and considered *de novo* all of the materials in the court file, including the report and recommendation, Petitioner's objection, the government's response, and the parties' supplemental briefing, the court hereby **ADOPTS** and **ACCEPTS** the report and recommendation on all of Petitioner's claims except for Claim 3(a). Additionally, the court hereby **GRANTS** Petitioner's Motion for an Evidentiary Hearing on Claim 3(a). An evidentiary hearing on Petitioner's Claim 3(a) is hereby **SET** for **9:30 a.m.** on **Monday, January 28, 2013**, in courtroom 7A of the Hugo L. Black U.S. Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama.

**DONE** and **ORDERED** this ___7th___ day of December, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

government filed its first response, the Alabama State Bar issued an opinion that found it would be unethical for a defendant's counsel to allow a defendant to enter into a plea agreement that waived claims of ineffective assistance of counsel. Ala. Bar Ethics Op. RO 2011-02. The opinion also suggests that a prosecutor may act unethically in attempting to enter into a plea agreement which contains such a waiver. *Id.* Therefore, the government no longer wishes to invoke that specific waiver. (*See* Doc. #23).